# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

## No. 201600371

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## NICHOLAS J. HELBERT
Private (E-1), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Colin A. Kisor, JAGC, USN.
Convening Authority: Commanding General, Training Command, Quantico, Virginia.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Michael E. Sayegh, USMC.
For Appellant: Commander Robert D. Evans, Jr., JAGC, USN.
For Appellee: Lieutenant Commander Jeremy R. Brooks, JAGC, USN; Lieutenant Megan P. Marinos, JAGC, USN.

———————————————

Decided 30 March 2017

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

PER CURIAM:

At an uncontested general court-martial, a military judge convicted the appellant of one specification of conspiracy to wrongfully possess, use, introduce, and distribute controlled substances; single, respective specifications of use, distribution, introduction with intent to distribute, and importation of controlled substances; and one specification of sexual abuse of

a child—violations of Articles 81, 112a, and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a, and 920b (2012). The military judge sentenced the appellant to seven years' confinement and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises two assignments of error (AOEs). The first is anachronistic, the second is aspirational, and neither reflects the current state of the law. Consequently, we conclude the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59(a) and 66(c), UCMJ.

The appellant first argues his "best opportunity for post-trial relief" was compromised by the staff judge advocate's erroneous advice, requiring our corrective action or new post-trial processing.[1] This AOE centers on the impact of the staff judge advocate's incorrect assertion to the CA that the appellant "was found guilty of an offense with a mandatory minimum sentence under Article 56(b), UCMJ."[2] While Article 56(b), UCMJ, requires sentences to include at least a dismissal or dishonorable discharge following convictions for certain offenses, the offenses for which the appellant was convicted, all committed during 2016, are not among them.

Under the applicable version of Article 60, UCMJ, the CA cannot act on the appellant's findings and, other than deferring confinement, is wholly unable to grant any clemency for the appellant's adjudged sentence. So whether or not a dishonorable discharge was mandatory punishment, once it was adjudged, the CA could not alter it. The trial defense counsel understood these limitations, and even noted them in the post-trial clemency submission: "[g]iven the nature of the sentence, which includes a punitive discharge, the [CA] is not empowered to grant any form of clemency. . . . due to the changes in military law . . . after June of 2014."[3] Therefore, despite the staff judge advocate's error regarding the applicability of Article 56(b), UCMJ, the appellant has failed to make "some colorable showing of possible prejudice" as required for post-trial relief. *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997).

In the second AOE, the appellant asserts that we "should take steps to ensure that [the minor victim and her family's] personally identifiable

---

[1] Appellant's Brief of 4 Jan 2017 at 9.

[2] Staff Judge Advocate's Recommendation of 26 Sep 2016 at 7, ¶ 13.

[3] Clemency Request of 27 Oct 2016 at 1, ¶ 2. Nonetheless, the trial defense counsel explained that, "[w]ere relief available, we would request disapproval of the finding of guilt for Article 120b" and "for six months of sentencing relief" from the adjudged confinement. *Id.*

information is protected"[4] via an order either "directing remand of the record with instructions to the Trial Counsel or another Government representative to examine the record and associated papers and to redact"[5] such information or "directing the Clerk to seal the Record of Trial and associated papers in their entirety."[6] These are policy—not legal—arguments.

Acknowledging that he will personally gain no advantage were we to grant relief under this AOE, the appellant contends the requested measures are appropriate because, "[t]he time may come, either through congressional directive or naval initiative, when this Court's records, including court-martial records submitted for appellate review, are made instantly available to the public."[7] We decline the invitation to depart from our judicial role in order to create and implement measures to better accommodate potential future requirements for the public's trial record access that neither Congress, the President, nor the Judge Advocate General of the Navy have actually created.

The findings and the sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[4] Appellant's Brief at 10.

[5] *Id.* at 21.

[6] *Id.* at 22.

[7] *Id.* at 19.